IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY and THE CINCINNATI INDEMNITY COMPANY, | ) ) ) | |
| Plaintiffs, | ) | No. 18 C 6229 |
| v. | ) ) | |
| KEITH MARINO, SUSAN MARINO, ROBERT ZITELLA, and RICHARD PIETRANEK, | ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss [43] is denied.

### STATEMENT

The Cincinnati Insurance Company and The Cincinnati Indemnity Company (collectively, "Cincinnati Insurance") filed the instant declaratory judgment suit to "resolve a dispute regarding whether policies of insurance issued by Cincinnati Insurance and/or Cincinnati Indemnity require them to defend or indemnify the Marinos in connection with an underlying lawsuit." (2d Am. Compl. ("SAC"), Dkt. # 37, ¶ 2.) Cincinnati Insurance alleges that "[o]n May 21, 2014, Robert Zitella and Richard Pietranek (collectively, the 'Underlying Plaintiffs') filed a lawsuit [the 'Underlying Lawsuit'] against the Marinos and other defendants," alleging that they were damaged when the Marinos failed to disclose pertinent information to the Underlying Plaintiffs when they purchased the Marinos' business. (*Id*. ¶¶ 12-13.) Cincinnati Insurance seeks a declaration that the various policies they issued to the Marinos do not cover the injuries alleged in the Underlying Lawsuit.

While the Marinos move to dismiss the Second Amended Complaint, purportedly under Federal Rule of Civil of Procedure 12(b)(6), the bases for their motion are elusive. The Marinos' contention appears to be, in part, that the instant lawsuit should be dismissed because it fails to mention that the Marinos made a claim with Cincinnati Insurance regarding purported "theft, vandalism and other misconduct" by Zitella and Pietranek that occurred prior to the filing of the Underlying Lawsuit. The Marinos provide no citations to authority for this assertion nor can the Court discern a legal basis for their contention, so the Court rejects it. In a similar vein, the Marinos argue that the instant lawsuit should be dismissed because Cincinnati Insurance does not "acknowledge that pleadings directly relevant to their . . . claims . . . are currently pending . . . in court[] outside [the instant lawsuit] . . . as Counterclaims and Third-Party Complaints . . . ." (Defs.' Mot. Dismiss, Dkt. # 43, ¶ 8.) Again, however, the Marinos provide no support for this argument, and it is rejected.

Ultimately, after some guidance by Cincinnati Insurance, it appears that the Marinos are contending that Cincinnati Insurance is engaged in improper claim splitting. Generally, "a party must bring in one action all legal theories arising out of the same transaction or series of transactions." *Puget Bioventures, LLC v. Biomet Orthopedics LLC*, No. 3:17-CV-502 JD, 2018 WL 2933733, at *2 (N.D. Ind. June 11, 2018). "'[C]laim splitting' . . . is barred by the doctrine of res judicata." *Carr v. Tillery*, 591 F.3d 909, 913–14 (7th Cir. 2010). From what the Court can discern, the Marinos have filed a counterclaim and/or a third-party action in the Underlying Lawsuit. In addition, there is mention of a "separate lawsuit filed by the Marinos." (Pls.' Resp., Dkt. # 47, at 3.) However, it does not appear that Cincinnati Insurance has filed any other pleadings or lawsuits; thus, claim splitting would not preclude the instant suit. In any event, the assertions regarding other pleadings and lawsuits are vague and, more importantly, not mentioned within the four corners of the SAC. Therefore, it is not proper for the Court to consider them in this procedural posture. Accordingly, the motion to dismiss the instant suit based on claim splitting is denied at this time.

Finally, to the extent the Marinos argue that the SAC should be dismissed because Cincinnati Insurance did not attach the relevant portions of the policies to the SAC and Cincinnati Insurance "ignore[s] the concepts of proximate cause and ensuing damages in insurance coverage claims," these assertions also fail as incorrect and irrelevant, respectively.

For these reasons, the motion to dismiss [43] is denied.

**Date**: May 7, 2019

_____
 **Ronald A. Guzmán**
 **United States District Judge**